IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

|  |  |
|---|---|
| Samuel H. Peck, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: 2:10cv08 |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Samuel Peck ("Peck" "plaintiff," or "claimant"), initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and denying his application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.  (Tr. 13-23).

**Summary of Recommendation**

After consideration of the entire record, the Magistrate Judge finds that substantial evidence on the record as a whole supports the Administrative Law Judge's determination that Peck was not disabled.  Accordingly, it is **RECOMMENDED** that plaintiff's motion for summary judgment (Doc. #8) be **DENIED**, defendant's motion for summary judgment (Doc. #11) be **GRANTED**, and the decision of the Commissioner be **AFFIRMED**.

**Factual Background**

Peck protectively filed his applications for disability insurance benefits and supplemental security income on January 9, 2006 under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383. He alleged a disability onset date of August 29, 2003 (Tr. 132). His application was denied initially and on reconsideration. He requested a hearing, which was held on April 22, 2008. Peck appeared with his attorney and testified at the hearing. Vocational Expert Warren Haagenson also testified. (Tr. 13). Administrative Law Judge ("ALJ") James Geyer issued his decision on May 13, 2008, finding plaintiff was not disabled. (Tr. 13-23). Peck requested review of the ALJ's decision and submitted additional evidence and supplemental argument to the Appeals Council. The Appeals Council considered the additional evidence and arguments of counsel, concluding they do not "warrant a change in the Administrative Law Judge's decision." (Tr. 1-4). The Appeals Council denied Peck's request for review on December 11, 2009, making the decision of the ALJ the Commissioner's final decision.

Peck was 43 years old at the time of the hearing. He has a high school education and completed two years of college. (Tr. 203). His past work history is that of a telephone operator and mail clerk. (Tr. 168). He has also worked for a furniture rental store, as a groundskeeper, food server, plant foreman and propane deliverer. (Tr. 168). Peck alleges he has been disabled since August 29, 2003 due to arthritis, anxiety disorder and depression.

**Legal Standard**

Upon review of the pleadings and transcript of the record, the court can affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). To affirm the Commissioner's decision, the court must find that

substantial evidence appearing in the record as a whole supports the decision.  See id.; Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989).  "This standard requires a more searching review than the substantial evidence standard, and [the court will] take into account record evidence that fairly detracts from the ALJ's decision."  Tilley v. Astrue, 580 F.3d 675, 679 (8th Cir. 2009) (citing Minor v. Astrue, 574 F.3d 625, 627 (8th Cir. 2009)).  The court must  "take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory."  Minor, 574 F.3d at 627 (citing Wilson v. Sullivan, 886 F.2d 172, 175 (8th Cir. 1989)) (quoting Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir. 1998)).  See also Burress v. Apfel, 141 F.3d 875, 878 (8th Cir. 1998) ("As this court has repeatedly stated, the 'substantial evidence in the record as a whole' standard is not synonymous with the less rigorous 'substantial evidence' standard."); Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1987) ("It is not sufficient for the district court to simply say there exists substantial evidence supporting the [Commissioner] and therefore the [Commissioner] must be sustained.").

"In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council."  Bergmann v. Apfel, 207 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted). The court must decide if substantial evidence in the record as a whole, including the new evidence submitted to the Appeals Council after the hearing, supports the ALJ's decision.  Id. (citation omitted).  This requires the court to determine how the ALJ would have weighed the new evidence had it existed at the hearing.  Id.

**ALJ Findings and Issues for Review**

The ALJ employed the familiar five-step test to determine whether Peck was disabled.[1] The ALJ determined plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 15). He found Peck has the following severe impairments that do not meet or equal any listed impairments: "psoriatic arthritis; disorders of the back; osteoarthritis and allied disorders, and obesity." (Tr. 15). The ALJ recognized claimant's additional medical conditions, concluding that they do not, even in combination, constitute severe impairments. (Tr. 17). Further, ALJ Geyer considered Peck's anxiety disorder with depression, (Tr. 16), finding that these mental impairments "cause no more than 'mild' limitations in any of the first three functional areas and 'no' limitation in the fourth area," and are therefore not severe. (Tr. 16). He then concluded that Peck does not have an impairment or combination of impairments that meets or medically equals a listed impairment (Tr. 17). The ALJ determined Peck is able to perform past relevant work as a phone operator. (Tr. 22).

Plaintiff alleges the ALJ and Appeals Council committed the following errors: Misapprehending and ignoring objective medical evidence of the severity of his depression; failing to accept as credible plaintiff's subjective complaints; failing to give proper weight to the opinions of his treating physicians; failing to consider all of his mental and physical limitations, and failing to properly consider new and material evidence presented to the Appeals Council.

---

[1] The five steps are: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App.1; (4) whether the claimant can return to her past relevant work; and (5) whether the claimant can adjust to other work in the national economy. 20 C.F.R. § 404.1520(a)(5)(i)-(v).

**Veteran's Administration Disability Rating**

In January 2005, the Veteran's Administration found plaintiff was 100% disabled from August 2003. Claimant asserts ALJ Geyer failed to give the required weight and deference to this determination. However, a determination of disability made by a nongovernmental entity or another governmental agency is clearly not binding on the Social Security Administration and is entitled to no deference whatsoever. 20 C.F.R. § 404.1504. See also Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996) (citing Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994) ("a disability determination by the Veterans Administration is not binding on the ALJ.").

Medical records suggest claimant's physicians are uncertain as to why he was granted a 100% disability from the VA:

> Spoke with disability people here, because it is not clear why Sam has been given a full disability for psoriatic arthritis:
>
> He has no active synovitis on exam
> X rays show no erosive or other changes
> Back shows only mild thoracic scoliosis
> Lumbar spine is normal
> Sed rate is one
> He is on no medication for arthritis
> He is doing carpentry work, for no pay, for his brother
>
> Psoriatic arthritis is spotty in time and distribution, and in Sam it has caused mild arthritis in various joints through the years. This record may have been reviewed, and the summation of exams viewed as arthritis active now, when actually he has had no major flair for years, and is not on any medication for arthritis.
> Actually total disability has been detrimental, because he is sitting at home, getting depressed, gaining weight, afraid to work for fear of losing disability, but actually wanting to work. Plan it to send a statement of wrong diagnosis for disability to Providence VA, and let them review.

(Tr. 265) (Thomas H. Taylor, MD, October 15, 2004). Thus, the ALJ's disregard of the VA's disability determination was warranted. ALJ Geyer determined that his assessment "is partially consistent" with the VA disability determination, but that claimant's activities of daily living do

5

not preclude "basic work activities on a 'regular and continuing basis.'" (Tr. 21-22).  This conclusion is supported by the record as whole.

### Appeals Council's Failure to Review Additional Evidence

Peck asserts the Appeals Council erred by not considering the additional evidence he submitted after the hearing.  However, the Appeals Council did consider the additional evidence before declining review.  The Appeals Council stated, "In looking at your case, we considered the contentions raised by your representative in his letter dated July 8, 2008 and the additional evidence listed on the enclosed Order of Appeals Council.  We found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (Tr. 1-2).

 "Once it is clear that the Appeals Council has considered newly submitted evidence, [the court does] not evaluate the Appeals Council's decision to deny review." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).  The court's "role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." Id., citing Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992).

The Magistrate Judge finds that substantial evidence, taking into account the new evidence, supports the ALJ decision.  Plaintiff argues the Appeals Council failed to consider the additional evidence;  he does not explain how the evidence has any bearing on the ALJ's determination.  The court's review of the evidence discloses no significant impact on the ALJ's findings.

## Subjective Complaints

"An adjudicator may not disregard a claimant's subjective complaints solely because the medical evidence does not fully support them," or solely based on personal observations. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Several factors must be considered in analyzing a claimant's subjective complaints:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:  1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; 5. functional restrictions.

Id. "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." Id.

The ALJ found the objective medical evidence does not support claimant's assertion that he is unable to engage in substantial gainful activity, (Tr. 20), citing extensively to the record. ALJ Geyer further concluded that claimant's testimony concerning his activities of daily living is inconsistent with claimant's assertion that he is only able to sit and stand for 15-20 minutes and walk ½ block at a time. (Tr. 19-20).

The court finds substantial support in the record for the ALJ's conclusions. ALJ Geyer thoroughly evaluated the record and gave specific reasons for finding plaintiff's complaints were not fully credible. "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [the court] will normally defer to the ALJ's credibility determination." Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (citations omitted). In particular, claimant's failure to take pain medication significantly discredits his complaints of pain. See Haynes v. Shalala, 26 F.3d 812, 814-15 (8th Cir. 1994); Williams v. Bowen, 790 F.2d 713, 715 (8th Cir.

7

1986) ("A claimant's allegations of disabling pain may be discredited by evidence that he or she has received minimal medical treatment and/or has taken medications, other than aspirin, for pain only on an occasional basis."). The court finds that the ALJ engaged in a proper <u>Polaski</u> analysis in discounting Peck's disabling complaints of pain. The record supports the ALJ's determination that plaintiff's testimony regarding his subjective complaints is not fully credible, and the ALJ appropriately determined plaintiff's residual functional capacity based on all of the credible limitations. <u>See</u> <u>Forte v. Barnhart</u>, 377 F.3d 892, 897 (8th Cir. 2004) (A proper hypothetical need only include those impairments and limitations found credible by the ALJ).

### Functional Capacity Assessment

Plaintiff asserts ALJ Geyer erred by failing to give proper consideration to his treating physicians' opinions and to "develop the facts fully and fairly." <u>Plaintiff's Brief in Support of Summary Judgment</u>, Doc. # 9, at 5. In particular, plaintiff asserts the ALJ improperly discounted the May 21, 2007 Functional Capacity Assessment performed by an occupational therapist "and instead gave controlling weight to a more distant agency non-examining physician's RFC on October 6, 2006." <u>Plaintiff's Reply to Defendant's Motion for Summary Judgment</u>, Doc. # 13, at 3.

ALJ Geyer did not give controlling weight to the State Agency consultant's Residual Functional Capacity Assessment, as alleged; in fact, he refused to give the determination any significant weight because the ALJ found claimant has "greater limitations than those determined by the State agency medical consultant." (Tr. 21). Rather, ALJ Geyer considered the Functional Capacity Assessment performed by Bryce Nelson, OTR/L, in May 2007 at length. Mr. Nelson found claimant can sit for 4 hours in 35 minute durations, stand for 3 hours in 20 minute durations, walk for 4 hours frequently for long distances, and his upper extremity

tolerance is 7 hours in 60 minute increments. (Tr. 500). Based on these findings, Mr. Nelson concluded that Peck "falls into the category of Light Work." (Tr. 499). The ALJ did not give significant weight to this determination either, instead finding that the claimant's credible testimony at hearing "reduced the claimant's residual functional capacity to the sedentary exertional level, which is a <u>greater reduction</u> than the level of light work" indicated in Mr. Nelson's report. (Tr. 21) (emphasis added). However, ALJ Geyer also discounted Mr. Nelson's specific finding that claimant could only sit for 4 hours at 35 minute durations, stating "this particular conclusion appears conclusory." (Tr. 21). ALJ Geyer stated: "There does not appear to be any detailed explanation by specialist, or references to any testing, to support this conclusion regarding the claimant's capacity to sit during an 8-hour workday. The reliability and supportability of this opinion is questionable." (Tr. 21). Instead ALJ Geyer concluded that Peck's activities of daily living "do not show by a preponderance of the evidence that [he] is precluded from performing any basic work activities on a 'regular and continuing basis.'" (Tr. 22).

 Information sources are divided into two groups by Social Security: "Acceptable medical sources" and "other sources." <u>Sloan v. Astrue</u>, 499 F.3d 883, 888 (8th Cir. 2007) (citing 20 C.F.R. §§ 404.1513(d), 416.913(d) (2007)). Other sources are also divided into two groups: Medical and non-medical sources. <u>Id.</u> Therapists are considered to be "other" medical sources. <u>Id.</u> Evidence from therapists can be used to show the severity of the claimant's impairments, and how the impairments affect the claimant's ability to work. 20 C.F.R. § 404.1513(d). In deciding what weight to give a therapist's opinion, the ALJ generally should consider the relationship between the claimant and the therapist, how consistent the opinion is with other evidence, the degree to which the therapist presents relevant evidence to support the opinion, how well the

9

therapist explains the opinion, whether the therapist has a specialty related to the claimant's impairment, and any other factors that tend to support or refute the opinion.  <u>Sloan</u>, 499 F.3d at 889.

     ALJ Geyer noted that Mr. Nelson had not reviewed the entire record and that ALJ Geyer's assessment of full range of work at the sedentary level is consistent with the VA's disability determination, in part.  ALJ Geyer specifically rejected claimant's testimony that he is only able to sit and stand for 15-20 minutes as inconsistent with his testimony of daily activities. (Tr. 22).  Given the Magistrate Judge's acceptance of the ALJ's credibility determination pursuant to <u>Polaski</u> and the lack of data contained in the therapist's report, the court finds substantial evidence supports the ALJ's determination that claimant is able to perform sedentary work on a regular and continuing basis.

### Psychological Evaluation/Anxiety Disorder and Depression

     Plaintiff asserts the ALJ and the Appeals Council "should have remanded this case with instructions to obtain a psychological or psychiatric evaluation in light of the evidence indicating the existence of a mental impairment."  <u>Plaintiff's Brief in Support of Motion for Summary Judgment</u>, Doc. # 9, at 8.  ALJ Geyer considered claimant's diagnosis of depression and found it not to be severe, as it did not "impose more than minimal limitations on the claimant's ability to perform basic work activities for the requisite duration of 12 months."  (Tr. 16).  ALJ Geyer's findings are supported by the record.  Plaintiff's diagnosis of depression was resolved and he was dismissed from depression care management following the completion of a <u>six month period</u> of follow-up care.  (Tr. 644) (emphasis added).

## Combination of Impairments

An ALJ must consider in combination all of a claimant's impairments, regardless of whether any one of the impairments standing alone would be non-severe, and must not fragment them in evaluating their effects. Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir. 1991) (citations omitted). Plaintiff argues the ALJ failed to find his obesity is a severe impairment and did not take into account the effect of his obesity in combination with his other severe impairments. The Magistrate Judge finds otherwise. ALJ Geyer acknowledged that, although not a listed impairment, obesity adversely impacts co-existing impairments. (Tr. 17). He recognized that obesity coupled with arthritis may increase pain and limitations and specifically considered its effect, despite the fact that there is no medical source opinion stating affirmatively the existence of cumulative limitations. (Tr. 17). Peck has not cited anything in the record to refute this conclusion, and the court's independent review of the record likewise discloses no medical opinions to this effect. Thus, the Magistrate Judge finds that the ALJ adequately considered the impact of claimant's obesity on his recognized severe impairments.

## Conclusion

The ALJ properly determined Peck could perform jobs that exist in significant numbers in the national economy. After considering the errors Peck has alleged, the Magistrate Judge is satisfied that substantial evidence supports the ALJ's findings and conclusions that plaintiff is not disabled. Accordingly, the Magistrate Judge **RECOMMENDS** plaintiff's motion for summary judgment (Doc. #8) be **DENIED**, defendant's motion for summary judgment (Doc. #11) be **GRANTED**, and the decision of the Commissioner be **AFFIRMED**.

## Notice of Right to Object

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1 (D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy. Any other party may respond to an objection within seven (7) days thereafter.

Dated this 25th day of January, 2011.

>  /s/ Karen K. Klein
> Karen K. Klein
> United States Magistrate Judge